

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |
|---|---|
| **WARREN MATTHEW GIDDINGS,** | * |
| **Plaintiff,** | * |
| v. | *   Case No.: GJH-21-959 |
| **MONTGOMERY COUNTY,** | * |
| **Defendant.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Self-represented Plaintiff Warren Matthew Giddings filed this 42 U.S.C. § 1983 action against Defendant Montgomery County, alleging that in 2015, he was arrested and held on "extremely excessive bail," in violation of his due process rights. ECF No. 1. Defendant has filed a Motion to Dismiss asserting, *inter alia*, that Plaintiff is barred by the statute of limitations and, in any event, fails to state a proper claim. ECF No. 9. Plaintiff filed a response in opposition. ECF No. 12. Also pending before the Court are Plaintiff's Motion for Appointment of Counsel & Motion for Discovery (ECF No. 5), Motion for Order to Show Cause and Temporary Restraining Order (ECF No. 7), Motion for Default Judgment (ECF No. 11), Motion for Scheduling Order (ECF No. 16), Motion for Leave to Add Defendant (ECF No. 17), Motion for Judgment on Gavels Pending (ECF No. 21), and Demand for Jury Trial (ECF No. 22). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Defendant's Motion to Dismiss shall be granted, and Plaintiff's motions denied.

## I. BACKGROUND[1]

In his Complaint, Plaintiff alleges that in 2015, he was arrested and "held on extremely excessive bail." Compl., ECF No. 1 at 2.[2] Plaintiff claims that he lived well below the poverty line at the time, and the prosecution's case "was solely based on the revenge driven testimony of a single witness." *Id.* at 2-3. He further claims that the state court's decision regarding bail was intended to leave him feeling scared and helpless, so that he would be persuaded to take a plea deal. *Id.* at 3. Plaintiff summarily asserts that this practice is "established culture in Montgomery County, Maryland . . . as a means of [maintaining] their unreasonably high conviction rate." *Id.* at 4.

## II. PLAINTIFF'S MOTIONS

Plaintiff has filed a Motion for Appointment of Counsel & Motion for Discovery. ECF No. 5. Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person" proceeding *in forma pauperis* who is "unable to afford counsel." In civil actions, however, courts appoint counsel only in exceptional circumstances. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Courts consider "the type and complexity of the case," whether the plaintiff has a colorable claim, and the plaintiff's ability to prosecute the claim. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989). Here, the Complaint concerns Plaintiff's claims that he was subjected to excessive bail. ECF No. 1. Upon careful consideration of the motions and previous filings by Plaintiff, the Court finds that he has demonstrated the wherewithal to either articulate

---

[1] Unless stated otherwise, all facts are taken from Plaintiff's Complaint and are accepted as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

the legal and factual basis of his claims himself or secure meaningful assistance in doing so. The issues pending before the Court are not unduly complicated. Moreover, as the Complaint is being dismissed, there are no exceptional circumstances that would warrant the appointment of an attorney to represent Plaintiff under § 1915(e)(1), nor is there a need for discovery. Thus, Plaintiff's Motion for Appointment of Counsel & Motion for Discovery will be denied. Likewise, his Motion for Scheduling Order (ECF No. 16) and Demand for Jury Trial (ECF No. 22) shall also be denied.

Also pending is Plaintiff's Motion for Order to Show Cause and Temporary Restraining Order. ECF No. 7. In the filing, Plaintiff claims that he "was presented with a credible tip" that a defendant whom Plaintiff has sued in another civil case "intends to use some sort of media . . . to publicize" his criminal case for the purpose of putting him in danger at the hands of other inmates. *Id.* at 1-2. Plaintiff states that he does not know which defendant it may be, but nonetheless has a "strong reason to believe the defendant . . . intends to carry out this malicious attack." *Id.* at 2. Plaintiff asks the Court to enjoin Defendant Montgomery County from publicizing his criminal record. *Id.*

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). A party seeking a preliminary injunction bears the burden of demonstrating: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the party's favor; and (4) why the injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Federal Election Comm'n*, 575 F.3d 342, 346-47 (4th Cir. 2009). The plaintiff must satisfy all four of these requirements. *See Pashby v. Delia*, 709 F.3d 307, 320-21 (4th Cir. 2013).

At a minimum, Plaintiff has not established that there is a likelihood of suffering irreparable harm in the absence of an injunction. Plaintiff's argument in support of his Motion is vague and unfounded. Not only has he failed to identify the alleged would-be perpetrator, but he also failed to state the actions that this individual is expected to take, and how this individual is related to Defendant Montgomery County. As Plaintiff cannot satisfy even one of the factors required by *Winter*, his Motion for Order to Show Cause and Temporary Restraining Order must be denied.

Shortly after Defendant filed its Motion to Dismiss in this case, Plaintiff filed a Motion for Default Judgment, alleging that Defendant failed to comply with this Court's previous Order directing a response to the Complaint within 60 days of May 21, 2021. ECF No. 11 (citing ECF No. 6). Contrary to Plaintiff's bald assertion, Defendant responded within the allotted time when it filed its Motion to Dismiss on July 19, 2021. Thus, Plaintiff's Motion for Default Judgment shall be denied.

Following the filing of Defendant's Motion to Dismiss, the Court received Plaintiff's Motion for Leave to Add Defendant Governor Larry Hogan, which was dated August 25, 2021. ECF No. 17. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(b). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Where the proposed amendment to the complaint appears to be a futility, however, this court has the discretion to deny leave to amend." *Pevia v. Wexford Health Source, Inc.*, Civil Action No. ELH-16-3810, 2018 WL 6271048, at *1 (D. Md. Nov. 30, 2018). "Futility is apparent if the proposed amended

4

complaint fails to state a claim under the applicable rules and accompanying standards." *Id.* (citing *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) ("[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.")).

Here, Plaintiff filed his Motion 37 days after Defendant filed its Motion to Dismiss and, therefore, the Court has discretion to address his Motion under Rule 15(a)(2). Because the addition of Gov. Hogan would not cure the deficiencies in Plaintiff's Complaint, *see infra*, Section IV, the Motion for Leave to Add Defendant shall be denied.

### III.   STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) "tests the sufficiency of the claims pled in a complaint." *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019). To overcome a Rule 12(b)(6) motion, a complaint must allege sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of the plaintiff's claims, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in original) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement[.]" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Accordingly, in ruling on a motion brought under Rule 12(b)(6), a court "separat[es]

the legal conclusions from the factual allegations, assum[es] the truth of only the factual allegations, and then determin[es] whether those allegations allow the court to reasonably infer that 'the defendant is liable for the misconduct alleged.'" *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012) (quoting *Iqbal*, 556 U.S. at 1949–50).

*Pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Dismissal of a pro se complaint for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears '*beyond doubt* that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief.'" *Spencer v. Earley*, 278 F. App'x 254, 259–60 (4th Cir. 2008) (emphasis in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). However, despite this liberal construction requirement, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts are not required to "conjure up questions never squarely presented to them" nor "construct full blown claims from sentence fragments." *Id.*

## IV. DISCUSSION

Plaintiff's claims against Defendant stem from his bail review that took place in 2015. *See* ECF No. 1 at 2. There is no federal statute of limitations for actions under 42 U.S.C. § 1983, and it is well-settled that the limitations period for § 1983 claims is to be determined by the analogous state law statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Burnett v. Grattan*, 468 U.S. 42, 49 (1984). In Maryland, the applicable statute of limitations is

three years from the date of the occurrence. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-101 (2014).

The three-year statute of limitations may be tolled for equitable reasons, but only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is unavailable to a plaintiff who has not been diligent in protecting his or her rights; rather, the plaintiff must establish that he or she has been prevented from asserting those rights. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 555 (1974). Under Maryland law, the statute of limitations is strictly construed. "Absent legislative creation of an exception to the statute of limitations, we will not allow any 'implied and equitable exception to be engrafted upon it.'" *Hecht v. Resolution Tr. Corp.*, 635 A.2d 394, 399 (Md. 1994) (quoting *Booth Glass Co. v. Huntingfield Corp.*, 500 A.2d 641, 645 (Md. 1985)).

Although the state statute of limitations applies, the question of when a cause of action has accrued under § 1983 is a federal question. *Nassim v. Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). The date of accrual occurs "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979)).

Here, the facts alleged by Plaintiff occurred over three years before the filing of the Complaint. In his opposition response and affidavit, Plaintiff asserts that he is entitled to equitable tolling because he was misdirected by law library staff to small claims court in 2015, and his imprisonment prevented him from obtaining "information vital to litigation." ECF No.

13 at 6; ECF No. 12 at 2-3. It remains unclear, however, why Plaintiff could not file his Complaint by 2018 – having been aware of a cause of action as of 2015 –, and thereafter supplement his filing with the necessary legal support. Because he failed to initiate this suit until April 2021, approximately six years after the accrual of the cause of action, the statute of limitations now bars consideration of his claim.[3]

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is granted and Plaintiff's motions are denied. Consequently, Plaintiff's Motion for Judgment on Gavels Pending (ECF No. 21) is denied as moot.

A separate Order follows.

Date: 12/13/2021

GEORGE J. HAZEL
United States District Judge

---

[3] In any event, the Supreme Court has held that "pretrial detention contemplated by the Bail Reform Act is regulatory in nature, and does not constitute punishment before trial in violation of the Due Process Clause." *United States v. Salerno*, 481 U.S. 739, 748 (1987).